IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TOM THANH NGYUEN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA, et al. | : | NO. 15-5082 |

MEMORANDUM

Dalzell, J.                                                                                                                                                                               May 12, 2016

## I. Introduction

We consider here defendants' motion to dismiss the complaint. Plaintiff Tom Thanh Ngyuen brings five causes of action against defendants the Commonwealth of Pennsylvania, Pennsylvania State Trooper Jared Bromberg, and Former Pennsylvania State Police Commissioner Frank Pawlowski, in relation to a traffic stop in the early morning hours of January 4, 2012. Defendants move to dismiss the entire complaint. In response, plaintiff withdraws Counts IV and V of the complaint, but opposes defendants' motion to dismiss Counts I, II, and III.[1]

## II. Standard of Review

A defendant moving to dismiss under Fed. R. Civ. P. 12(b)(6) bears the burden of proving that the plaintiff has failed to state a claim for relief. See Fed. R. Civ. P. 12(b)(6); see also, e.g., Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). To survive a Rule 12(b)(6) motion, the complaint must contain sufficient factual matter, accepted as true, to state a facially plausible claim to relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v.

---

[1] See Pl.'s Resp. at 17-19 (withdrawing Counts IV and V based on plaintiff's adequate post-deprivation state remedy and principles of sovereign immunity). We will therefore dismiss Counts IV and V with prejudice.

Twombly, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

As the Supreme Court stresses, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action…do not suffice." Id. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

In the wake of Twombly and Iqbal, our Court of Appeals laid out a two-part test to apply when considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6):

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief.

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal citations and quotations omitted). In deciding a motion to dismiss, we may consider "the allegations contained in the complaint, exhibits attached to the complaint and matters of public record," and any "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefits Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

We recite the facts as they appear in the complaint.

### III.    Factual Background

On January 4, 2012, around 3:00 a.m., defendant Pennsylvania State Trooper Jared Bromberg pulled over a black Mercedes traveling south on Interstate-95 for speeding. Compl. ¶¶

2

11-14. Trooper Bromberg and his partner, Trooper Thomas O'Konski, were in a marked Pennsylvania State Police vehicle and in uniform. Id. at ¶ 11, 13.

After the Mercedes pulled over, Trooper Bromberg obtained the driver's license and registration and asked the driver to exit the vehicle. Id. at ¶ 16. Ngyuen was a passenger in the vehicle. Trooper Bromberg noticed that the driver was moving around excessively, talking a lot, and acting overly apologetic during the stop. Id. at ¶ 17. Although initially uncooperative, Ngyuen eventually provided Trooper Bromberg with his information. Id. at ¶ 19. Trooper Bromberg ran both the driver's and Ngyuen's information through NCIC and PENNDOT, and learned that Ngyuen had numerous prior drug arrests. Id. at ¶ 20. Trooper Bromberg issued a written warning to the driver for speeding and following too closely, and returned the driver's and Ngyuen's paperwork. Id. at ¶ 21.

Trooper Bromberg told the driver the traffic stop was over and he was free to go. Id. at ¶ 22. The driver began returning to his car and the troopers began returning to theirs, but Trooper Bromberg then re-engaged the driver. Id. at ¶¶ 23-24. After the driver agreed to answer more questions, Trooper Bromberg asked him why he was nervous, where he was coming from, and what relationship he had with Ngyuen. Id. at ¶¶ 24-25. The driver also consented to a search of the car. Id. at ¶¶ 25-26.

After two requests, Ngyuen got out of the car and stuck his hands in his pockets. Id. at ¶¶ 28-30. He then consented to a frisk for officer safety. Id. at ¶ 32. Trooper Bromberg asked about three different objects he felt in Ngyuen's pockets, and Ngyuen replied that he had a cell phone, cash, and OxyContin. Id. at ¶¶ 33-34. Ngyuen complied with Trooper Bromberg's request to remove the OxyContin, thereby revealing clear plastic baggies. Id. at ¶¶ 35-36. Trooper Bromberg arrested and handcuffed Ngyuen, and the search incident to arrest recovered over a

thousand dollars in cash in three bundles, a cell phone, four bags of cocaine, and four jars of crack cocaine. Id. at ¶¶ 37-38.

Ngyuen was charged with possession with intent to distribute, possession of a controlled substance, and possession of drug paraphernalia. Id. at ¶ 40. He lost his motion to suppress and, after being convicted at a bench trial of possession with intent to distribute, was sentenced to thirty-six to seventy-two months. Id. at ¶¶ 42, 45-46. On appeal he argued that the trial court abused its discretion when denying the motion to suppress physical evidence because the Terry frisk occurred during the course of an illegal detention unsupported by reasonable suspicion. Id. at ¶ 47. Ngyuen argued that Trooper Bromberg needed an independent showing of reasonable suspicion to re-engage the driver after he had already ended the traffic stop and advised the driver and Ngyuen that they were free to leave. Id. at ¶ 47. The Superior Court held that Trooper Bromberg lacked reasonable suspicion to support the detention, and that the driver's consent to the search was tainted by Trooper Bromberg's conduct and found that the trial court abused its discretion in denying Ngyuen's motion to suppress. Id. at ¶¶ 48-49. The Superior Court thus vacated the judgment of sentence and remanded for a new trial. Id. at ¶ 50.

On August 27, 2015, Delaware County District Attorney John J. Whelan and Judge Gregory M. Mallon signed an Application for Nolle Prosequi in the case of Commonwealth v. Tan Thanh Nguyen, CP-23-CR-0003833-2012. Pl.'s Resp. Ex. A. The docket in that case shows that the application for nolle prosequi was granted on October 27, 2015. MTD Ex. A at 13. The docket also shows, after the granted motion for nolle prosequi, that the case has been remanded and is awaiting a new trial date. Id. at 1, 13.

4

**IV.     Discussion**

In Count I of his Complaint, Ngyuen brings a claim under 42 U.S.C. § 1983 against Trooper Bromberg for violations of his Fourth, Fifth, Eighth, and Fourteenth Amendment rights. Compl. ¶¶ 51-55. In Count II, Ngyuen brings a Section 1983 claim against Commissioner Pawlowski and the Commonwealth of Pennsylvania for failure to implement appropriate policies, customs, and practices, and failure to train. Id. at ¶¶ 56-60. In Count III, Ngyuen brings a Section 1983 claim against Trooper Bromberg for violations of his Fourth, Fifth, and Fourteenth Amendment rights as a result of false arrest. Id. at ¶¶ 61-63.

**A.     Younger Abstention**

Defendants ask that we abstain from exercising jurisdiction over ongoing state court criminal proceedings pursuant to Younger v. Harris, 401 U.S. 37 (1971). Defs.' Mot. to Dismiss ("MTD") at 6-7. Ngyuen responds that, because the criminal charges against him were dismissed by virtue of the Commonwealth's motion for nolle prosequi, the Court need not abstain from exercising its jurisdiction. Pl.'s Resp. at 11.

The abstention doctrine in Younger reflects a strong federal policy against federal courts interfering with pending state judicial proceedings absent extraordinary circumstances. Gwynedd Properties, Inc. v. Lower Gwynedd Twp., 970 F.2d 1195, 1200 (3d Cir. 1992). Abstention under Younger is only warranted when there are ongoing state judicial proceedings that implicate important state interests and those proceedings afford an adequate opportunity to raise federal claims. Id. The doctrine only applies to (1) ongoing state criminal prosecutions, (2) certain civil enforcement proceedings, and (3) pending civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions. Hessein v. Union Cty.

5

Prosecutors Office, 569 F. App'x 99, 101-02 (3d Cir. 2014) (non-precedential) (quoting Sprint Commc'ns, Inc. v. Jacobs, -- U.S. --, 134 S. Ct. 584, 591 (2013)).

Ngyuen attached as an exhibit to his response the Application for Nolle Prosequi signed by Delaware County District Attorney John J. Whelan and Judge Gregory M. Mallon on August 27, 2015. Pl.'s Resp. Ex. A. Defendants attached to their motion to dismiss the Court of Common Pleas of Delaware County docket in Commonwealth v. Tam Thanh Nguyen, CP-23-CR-0003833-2012, which shows that the Order granting the motion for nolle prosequi was granted on October 27, 2015. MTD Ex. A at 13. Although the docket indicates subsequent activity listing the matter for trial, id., Nguyen avers that his counsel confirmed with Judge Mallon's clerk that the case was dismissed after the grant of nolle prosequi and had been listed for trial in error. Pl.'s Resp. at 8-9.

Upon review of the records and exhibits, it appears that Ngyuen's criminal case in the Court of Common Pleas of Delaware County has been dismissed and is no longer pending. As there is therefore no ongoing state criminal prosecution against Ngyuen, we need not abstain from this matter under the principles of Younger.

### B. Eleventh Amendment

Defendants move to dismiss Ngyuen's claims against the Commonwealth in Count II because the Eleventh Amendment bars suits in federal court by private parties against the state, state agencies, and state officials acting in their official capacities. MTD at 5-6. Ngyuen argues that the Eleventh Amendment does not bar his suit because he is seeking prospective injunctive and declaratory relief to end an ongoing violation of federal law. Pl.'s Resp. at 16.

The Eleventh Amendment provides that, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of

6

the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment has been interpreted to render states -- and by extension, state agencies, departments, and officials when the state is the real party in interest -- generally immune from suit by private parties in federal court. Pennsylvania Fed'n of Sportsmen's Clubs, Inc. v. Hess, 297 F.3d 310, 323 (3d Cir. 2002). Immunity under the Eleventh Amendment is subject to three primary exceptions: (1) congressional abrogation, (2) waiver by the state, and (3) suits against individual state officials for prospective injunctive and declaratory relief to end an ongoing violation of federal law. Id. See also Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 267 (1997) (state may waive immunity); Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 55-56 (1996) (Congress may abrogate immunity); Ex parte Young, 209 U.S. 123 (1908) (prospective injunctive and declaratory relief).

A State is not a person within the meaning of 42 U.S.C. § 1983, and so Congress did not abrogate States' Eleventh Amendment immunity by enacting Section 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 64 (1989). A State official acting in his official capacity is also not a person within the meaning of Section 1983. Id. at 71. The Commonwealth has not waived its Eleventh Amendment immunity from suit in federal courts. 42 Pa. C.S. § 8521. Therefore, Ngyuen may only avail himself of the third exception under Ex parte Young.

For the Ex parte Young exception to apply, the relief sought must be prospective declaratory or injunctive relief governing state officials' future conduct. Hess, 297 F.3d at 323. The exception does not apply if the action is nominally against individual officials, but the state is the real, substantial party in interest and the suit is actually against the state. Id. at 324 (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101 (1984)). A suit against state officials that is in fact a suit against the state is barred regardless of whether it seeks damages or

injunctive relief. Pennhurst, 465 U.S. at 101-02. But a suit challenging the constitutionality of a state official's action is not one against the state because an unconstitutional enactment is void and therefore does not impart to the state official any immunity from responsibility for violating the U.S. Constitution. Id. at 102.

To determine whether the Ex parte Young exception applies here, we need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief that is properly characterized as prospective. Hess, 297 F.3d at 324 (citing Verizon Md., Inc. v. Public Serv. Comm'n of Md., 535 U.S. 635, 645 (2002)).

Ngyuen alleges that the Commonwealth and Commissioner Pawlowski violated his Fourth, Fifth, Eighth, and Fourteenth Amendment rights by failing to adequately train and supervise Trooper Bromberg. Compl. ¶ 58. In his request for relief, plaintiff asks for compensatory damages, punitive damages, reasonable attorney's fees and costs, and "Such other and further relief as may appear just and appropriate." Id. at p. 14. Although Ngyuen argues in his response that he "has filed suit to enjoin the Commonwealth of Pennsylvania and the Pennsylvania State Police Department from continuing its unconstitutional policy permitting State Troopers to re-engage motorists after conducting and completing routine traffic stops," Pl.'s Resp. at 16-17, the complaint itself does not mention or request any kind of prospective injunctive or declaratory relief, and Ngyuen cannot amend his complaint through a brief filed in opposition to the defendants' motion to dismiss. Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988).

As we find the complaint alleges ongoing violations of federal law but does not seek relief that is properly characterized as prospective, Ngyuen cannot use the principles of Ex parte Young to avoid the Eleventh Amendment bar.

### C.     <u>Sufficiency Of Count II With Respect To Commissioner Pawlowski</u>

Defendants also move to dismiss Ngyuen's claims in Count II against former Commissioner Pawlowski because the complaint fails to allege facts supporting his personal involvement in any constitutional violations, and <u>respondeat superior</u> is not an acceptable basis for liability under Section 1983. MTD at 8. Ngyuen argues that we should not dismiss his claims against Commission Pawlowski and the Commonwealth because, at the time of his arrest, the Pennsylvania State Police had a routine policy of re-engaging motorists after conducting and completing traffic stops. Pl.'s Resp. at 13.

As we have previously discussed, Commissioner Pawlowski, as a state official acting in his official capacity, is not a person within the meaning of Section 1983. <u>Will</u>, 491 U.S. at 71. As such, suing him in his official capacity is the same as suing the Commonwealth. <u>Id.</u> The principles of <u>Monell v. Department of Soc. Servs.</u>, 436 U.S. 658, 694 (1978), do not apply to state officials and so, to the extent that Ngyuen brings his claims against Commissioner Pawlowski acting in his official capacity, those claims must be dismissed. To the extent Ngyuen brings his claims against Commissioner Pawlowski in his individual capacity, he must allege facts sufficient to raise a plausible inference that Pawlowski was personally involved in violating his constitutional rights. <u>See, e.g.</u>, <u>Baker v. Monroe Twp.</u>, 50 F.3d 1186, 1190-91 (3d Cir. 1995). The complaint contains no such allegations.

We will therefore dismiss all of Ngyuen's claims against the Commonwealth with prejudice, but we will dismiss his claims against Commissioner Pawlowski in both his official and individual capacities without prejudice.

## V.     Conclusion

Although we need not abstain from hearing this case under the principles of Younger, Ngyuen's claims against the Commonwealth and Commissioner Pawlowski are barred by the Eleventh Amendment and under Will, and are otherwise facially deficient. We will therefore dismiss Count II of the complaint with prejudice as to the Commonwealth and without prejudice as to Commissioner Pawlowski. As Ngyuen has withdrawn Counts IV and V, we will dismiss those with prejudice. An appropriate Order follows.

BY THE COURT:

 /s/ Stewart Dalzell, J.
Stewart Dalzell, J.